IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ARTIS C. CARROLL, JR., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-721 |
| | : | |
| HOWARD R. BAUMAN, *et al.*, | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 9th day of May 2019, upon considering Plaintiff Artis C. Carroll Jr.'s *pro se* Complaint (ECF Doc. No. 1), Motion to proceed *in forma pauperis* (ECF Doc. No. 8), Motion to charge prison trust fund account statement (ECF Doc. No. 9), and for reasons in the accompanying Memorandum as to the dismissal of claims, it is **ORDERED**:

1. Plaintiff's Motion to charge prison trust fund account statement (ECF Doc. No. 9) is **GRANTED**;

2. Plaintiff's Motion for leave to proceed *in forma pauperis* (ECF Doc. No. 8) is **GRANTED** under 28 U.S.C. § 1915;

3. Artis C. Carroll, #15-0197, shall pay the full filing fee of $350 in installments under 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Warden of the Lancaster County Prison or other appropriate official shall assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Carroll's inmate account; or (b) the average monthly balance in Mr. Carroll's inmate account for the six-month period immediately preceding the filing of this case.[1] The Warden or other appropriate official shall calculate, collect, and forward the initial

---

[1] Although Mr. Carroll is currently housed at the Torrance State Hospital, he represented returning to the Lancaster County Prison shortly. ECF Doc. No. 9 at 3.

payment assessed under this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Carroll's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr. Carroll's inmate account until the fees are paid. Each payment shall reference the docket number for this case;

4. The Clerk of Court shall send a copy of this Order to the Warden of the Lancaster County Prison;

5. The Complaint (ECF Doc. No. 1) is deemed **filed**;

6. Under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), we **dismiss with prejudice Mr. Carroll's claims**: (a) under 42 U.S.C. § 1981; (b) against Lance Greene under 42 U.S.C. § 1985(2) and § 1985(3); (c) against Howard R. Bauman under 42 U.S.C. § 1985(2); (d) for injunctive relief in the form of dismissal of his state criminal case; and (e) against Judge Joshua R. Keller, Lance Greene, Karen L. Mansfield, and Craig W. Stedman.

7. The Clerk of Court shall **TERMINATE** Defendants Karen L. Mansfield, Craig W. Stedman, Lance D. Greene, and Joshua R. Keller on the docket because all claims against them are dismissed with prejudice;

8. Mr. Carroll's claims against Defendant Howard R. Bauman under 42 U.S.C. § 1985(3) are **DISMISSED without prejudice**;

9. The Clerk of Court shall open a new civil action using a copy of this Order and accompanying Memorandum and a copy of the Complaint (ECF Doc. No. 1) reflecting Mr. Carroll as the sole plaintiff and Janelle Madera as the sole Defendant. This new civil action shall be assigned to me under Local Civil Rule 40.1. Once the new action is opened, we will enter an Order directing service upon Janelle Madera;

10. The Clerk of Court shall open a second new civil action using a copy of this Order and accompanying Memorandum and a copy of the Complaint (ECF Doc. No. 1) with Mr. Carroll as the sole plaintiff and Peter Anders as the sole Defendant. This new action shall be assigned to me under Local Civil Rule 40.1. Once the new action is opened, we will enter an Order directing service upon Peter Anders;

11. The Clerk of Court shall **TERMINATE** Defendants Peter Anders and Janelle Madera as parties in this case; and,

12. Upon effecting the terms of the dismissals of claims and named defendants leaving only claims against Howard R. Bauman (other than under §§1985(2), (3) as dismissed), Officer McDonald, and James Hoback, the Clerk of Court shall place this case in the **suspense** docket until further Order. Mr. Carroll shall file status memoranda not exceeding two pages on the progress of his underlying criminal proceeding until it is resolved, including available appellate proceedings,[2] no later than **June 30, 2019 and every ninety days thereafter** until advising the entry of final order in the underlying criminal proceeding. Absent compliance with this reporting requirement, we may dismiss this case for failure to prosecute.

_____
KEARNEY, J.

---

[2] *See Commonwealth v. Carroll*, Docket No. CP-36-CR-0001971-2018 (Lancaster Cty. Ct. of Common Pleas).